PeabsoN, C. J.
The fifst exception of the defendant is allowed:
A debtor can not with a good conscience, offer to pay in depreciated notes, a debt contracted while the currency *65 .was at par,'and a creditor is not obliged to receive depreciated notes in payment of bis debt. Dr. Strudwiek bad a .right to demand gold and silver, or par funds, in payment ¡óf bis debt: and if the debt was to be paid in negroes, it follows as a matter of course, that the negroes were to be rated at specie value; otherwise the debtor would be doing indirectly what eculd not he done directly.
According to the practice -in England, a debtor who seeks to redeem, must in the first place, pay the debt in gold and silver or par funds, and then take the property. In this State as an indulgence to the debtor, he is allowed to have the property sold, and to take the excess, after paying the debt out of the proceeds of the sale. In this case, there being no evidence that Dr. Strudwiek removed the negroes from the State with a fraudulent intent to evade , the plain tiffs right of redemption, but on the contrary, the court being satisfied that he removed them after the settlement with the other distributees of Dr. Witherspoon and legatees of Mr3. Witherspoon, upon the well grounded belief, that the valué of the . negroes was not equal to the, claims he held on them, and that the right of redemption would never be set up — in fact-that he was obliged to take the negroes in satisfaction of his claims, although the value was nót supposed to be equal to the amount, ^he decretal order directed an account on the basis of charging Dr. Strudwiek with the value of the negroes in payment of his claims; which is the same thing as if the negroes' had been ordered to be sold and the •proceeds applied to the payment of the claims of Dr. Strudwiek, Suppose tfwr order had been that Dr, Strudwiek should bring thp groes pm% p this State, for the pnrpps^ of a epd'e, ancj' ik&y bad sold f$i’ Ooafederaio »ot@e5 Dr? 'km'Pmn " ’’ “ " *66 ment of bis claims. He. would have bad a right to insist, on being paid in gold and silver, or par funds’. So it comes to the same result: that is, 'he has a right to insist that he should be charged only with the specie value of the negroes, in the extinguishment of his claims. The specie valuation of the negroes must be at the date of the 'filing of the bill, when the plaintiff notified the defendant of his -intention' to set up his right of redemption.
It is not necessary to pass on the 2d and 3d exceptions, as they are merely in aid of the first.
The exception of-the plaintiff is overruled. She was not bound by the settlement made with the other distributees or legatees, and of course she can ' claim no beneiit under it; andas against her Dr.. Strudwick is entitled to hold the land, as a purchaser at execution sale. For this reason it was not included, in the terms of the reference.
It is proper to say, this case Was held under advisement at the last term, not on account of. the difficulty’of the question of law, but because the court was not willing, in the condition.of things then existing, to declare by u decree that Confederate notes were depreciated. That difficulty is now out of the way. It is conceded on all hands, even by the Confederate Government, that it's notes arc depreciated and much under par.
The clerk will state aá account, charging the defendant with the value óf the, slaves in specie, at the date the bill was filed.